**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
*dalekgalipo@yahoo.com*
Benjamin S. Levine (SBN 342060)
*blevine@galipolaw.com*
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4118

*Attorneys for Plaintiff James Pietronico*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PIETRONICO, | Case No. 5:23-cv-02431-KS |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| v. | |
| CITY OF BEAUMONT; ANTHONY BECERRA; RANDALL MARSH; KEVIN NGUYEN; JESSICA RODRIGUEZ; ANTHONY ROJAS; FABIAN SALINAS; ANGELA CHAPPAROSA; and DOES 18-10, inclusive, | 1. 42 U.S.C. § 1983 (Fourth Amendment – Detention and Arrest) 2. 42 U.S.C. § 1983 (Fourth Amendment – Excessive Force) 3. 42 U.S.C. § 1983 (Fourth Amendment – Denial of Medical Care) |
| Defendants. | 4. False Arrest/False Imprisonment 5. Battery 6. Negligence 7. Violation of Cal. Civil Code § 52.1 |
| | **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

JAMES PIETRONICO, individually, for his Complaint against Defendants CITY OF BEAUMONT, ANTHONY BECERRA, RANDALL MARSH, KEVIN NGUYEN, JESSICA RODRIGUEZ, ANTHONY ROJAS, FABIAN SALINAS, ANGELA CHAPPAROSA, and DOES 1-8-10, inclusive hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with Defendants ANTHONY BECERRA, RANDALL MARSH, KEVIN NGUYEN, JESSICA RODRIGUEZ, ANTHONY ROJAS, FABIAN SALINAS, and DOES 1-10 8-9's unlawful shooting of Plaintiff JAMES PIETRONICO on January 14, 2023, causing him serious physical injury, as well as these Defendants' and Defendants ANGELA CHAPPAROSA and DOE 10's unlawful detention and *de facto* arrest of Plaintiff.  Defendants are liable under state law pursuant to Gov't Code §§ 815.2(a) and 820(a), and Cal. Civil Code § 52.1.  Defendants are liable under

1    the Fourth Amendment to the Constitution of the United States, as applied to state

2    actors under the Fourteenth Amendment, pursuant to 42 U.S.C. § 1983.

3    ~/ / /~

4    ~/ / /~

5    ~/ / /~

6    ~/ / /~

7        4.      Plaintiff alleges that the injuries he suffered were the result of the

8    excessive use of force by officers of the Beaumont Police Department, including

9    ANTHONY BECERRA, RANDALL MARSH, KEVIN NGUYEN, JESSICA

10   RODRIGUEZ, ANTHONY ROJAS, FABIAN SALINAS, and DOES ~1-10~8-9,

11   and were also a result of these officers' failure to provide reasonable medical care

12   to Plaintiff despite Plaintiff's serious medical condition after being shot repeatedly

13   by these officers.

14       5.      Plaintiff herein seeks by means of this action to hold accountable

15   those responsible for Plaintiff's injuries and to obtain due compensation.

16                                    **PARTIES**

17       6.      At all relevant times, Plaintiff JAMES PIETRONICO ("Plaintiff")

18   was an individual residing in Cherry Valley, California, located in the County of

19   Riverside. Plaintiff sues in his individual capacity and seeks compensatory and

20   punitive damages under federal and state law.

21       7.      At all relevant times, Defendant CITY OF BEAUMONT ("CITY") is

22   and was a municipal corporation existing under the laws of the State of California.

23   CITY is a chartered political subdivision of the State of California with the

24   capacity to be sued.  CITY is responsible for the actions, omissions, policies,

25   procedures, practices, and customs of its various agents and agencies, including

26   the Beaumont Police Department ("BPD") and its agents and employees.  At all

27   relevant times, CITY was the employer of DOES ~1~8-10, inclusive.

28       8.      Defendant ANTHONY BECERRA ("BECERRA") is a police officer

                                        2

for the CITY working for the BPD at the time of this incident. BECERRA was acting under color of law and within the course and scope of his employment with the CITY and BPD at all relevant times. BECERRA was acting with the complete authority and ratification of his principal, Defendant CITY.

9. Defendant RANDALL MARSH ("MARSH") is a police officer for the CITY working for the BPD at the time of this incident. MARSH was acting under color of law and within the course and scope of his employment with the CITY and BPD at all relevant times. MARSH was acting with the complete authority and ratification of his principal, Defendant CITY.

10. Defendant KEVIN NGUYEN ("NGUYEN") is a police officer for the CITY working for the BPD at the time of this incident. NGUYEN was acting under color of law and within the course and scope of his employment with the CITY and BPD at all relevant times. NGUYEN was acting with the complete authority and ratification of his principal, Defendant CITY.

11. Defendant JESSICA RODRIGUEZ ("RODRIGUEZ") is a police officer for the CITY working for the BPD at the time of this incident. RODRIGUEZ was acting under color of law and within the course and scope of her employment with the CITY and BPD at all relevant times. RODRIGUEZ was acting with the complete authority and ratification of her principal, Defendant CITY.

12. Defendant ANTHONY ROJAS ("ROJAS") is a police officer for the CITY working for the BPD at the time of this incident. ROJAS was acting under color of law and within the course and scope of his employment with the CITY and BPD at all relevant times. ROJAS was acting with the complete authority and ratification of his principal, Defendant CITY.

13. Defendant FABIAN SALINAS ("SALINAS") is a police officer for the CITY working for the BPD at the time of this incident. SALINAS was acting under color of law and within the course and scope of his employment with the

3

CITY and BPD at all relevant times. SALINAS was acting with the complete authority and ratification of his principal, Defendant CITY.

7.14.  Defendant ANGELA CHAPPAROSA ("CHAPPAROSA") is a police investigator for the CITY working for the BPD at the time of this incident. CHAPPAROSA was acting under color of law and within the course and scope of her employment with the CITY and BPD at all relevant times. CHAPPAROSA was acting with the complete authority and ratification of her principal, Defendant CITY.

8.15.  At all relevant times, Defendant Officers DOES 18-10 ("DOE OFFICERS"), inclusive, were officers working for the BPD.  DOE OFFICERS were acting under color of law and within the course and scope of their duties as officers for the BPD.  DOE OFFICERS were acting with the complete authority and ratification of their principal, Defendant CITY.

9.16.  On information and belief, DOES 18-10 were residents of the County of Riverside at all relevant times.

10.   Defendants DOES 18-10 are sued in their individual capacities.

17.   ///

11.18. In doing the acts and failing and omitting to act as hereinafter described, Defendants DOE OFFICERS were acting on the implied and actual permission and consent of Defendant CITY.

12.19. The true names and capacities of DOES 18-10 are unknown to Plaintiff, who otherwise sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

13.20. At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and

4

1  supervise the hiring, conduct, and employment of each and every Defendant.

2  ~~14.~~21. All of the acts complained of herein by Plaintiff against Defendants

3  were done and performed by said Defendants by and through their authorized

4  agents, servants, and/or employees, all of whom at all relevant times herein were

5  acting within the course, purpose, and scope of said agency, service, and/or

6  employment capacity.  Moreover, Defendants and their agents ratified all of the

7  acts complained of herein.

8  **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9  ~~15.~~22. Plaintiff repeats and re-alleges each and every allegation in the

10  foregoing paragraphs of this Complaint as if fully set forth herein.

11  ~~16.~~  On January 14, 2023, Plaintiff and two friends, Garrett Blackwell

12  ("Blackwell") and Braiden Goedhart ("Goedhart"), went off-roading on public

13  land near Beaumont, California. ~~The three had done so numerous times before and~~

14  ~~did not trespass in doing so or commit any other crimes.~~ Blackwell was driving,

15  Plaintiff was seated in the front passenger seat, and Goedhart was seated in the

16  back seat.

17  23.   *///*

18  ~~17.~~24. While the three friends were driving home, a BPD vehicle began

19  pursuing their vehicle. On information and belief, none of the three had committed

20  any crimes.

21  ~~18.~~25. Shortly thereafter, the vehicle in which Plaintiff was a passenger

22  pulled into a cul-de-sac.

23  ~~19.~~26. On information and belief, while the vehicle in which Plaintiff was a

24  passenger was in the cul-de-sac, the vehicle was struck by a BPD vehicle.

25  ~~20.~~27. On information and belief, immediately after a BPD vehicle struck

26  the vehicle in which Plaintiff was a passenger, BECERRA, MARSH, NGUYEN,

27  RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS exited from ~~one or~~

28  ~~more~~several BPD vehicles and aimed their weapons at Blackwell and Plaintiff.

5

1    21.28.The front windshield, the driver's side window, and the front

2    passenger side window of the vehicle in which Plaintiff was a passenger were not

3    tinted, affording BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS,

4    SALINAS, and DOE OFFICERS a clear view into the vehicle.

5    22.29.On information and belief, neither Plaintiff, Blackwell, or Goedhart

6    was armed with a weapon, and BECERRA, MARSH, NGUYEN, RODRIGUEZ,

7    ROJAS, SALINAS, and DOE OFFICERS never observed a weapon in the vehicle

8    in which Plaintiff was a passenger, including on Plaintiff's person or in his hands.

9    23.30.On information and belief, the vehicle in which Plaintiff was a

10    passenger was not moving rapidly toward any other vehicle or officer, and no

11    officer was in the vehicle's direct path or about to be struck by the vehicle.

12    Nevertheless, oOn information and belief, without issuing any clear commands,

13    providing time to comply with commands, or issuing any verbal warning that

14    force or deadly force would be used, BECERRA, MARSH, NGUYEN,

15    RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS began firing less-lethal

16    and lethal weapons at Blackwell, Plaintiff, and the vehicle they occupied from

17    multiple sides of the vehicle. At the time the shots were fired, the vehicle in which

18    Plaintiff was a passenger was not moving rapidly toward any other vehicle or

19    officer, and no officer was about to be struck by the vehicle.

20    24.31.On information and belief, when BECERRA, MARSH, NGUYEN,

21    RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS fired their weapons,

22    they did so intending to strike Plaintiff and Blackwell, and further did so intending

23    to prevent the vehicle in which Plaintiff was a passenger from moving.

24    25.32.Plaintiff was struck by several of the bullets BECERRA, MARSH,

25    NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS fired,

26    including on the wrist, shoulder, and head, and was also cut and injured by glass

27    from the vehicle's windows that broke as a result of BECERRA, MARSH,

28    NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS firing into

6

the vehicle.

26.33. Blackwell was also struck by several of the bullets BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS fired, causing him to slump over, which in turn caused the vehicle to accelerate move forward several inches into one of DOE OFFICERS' vehicles, which, on information and belief, was not occupied by anyone at the time.

27.34. As Plaintiff began to bleed profusely from his gunshot wounds, BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS continued to point their firearms at Plaintiff before removing him from the vehicle and taking him some distance away from the vehicle.

28.35. BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS did not tell Plaintiff why he was being detained.

29.36. BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS then placed Plaintiff in handcuffs and tightened them substantially, causing Plaintiff further injury to his wrists, one of which already had a bullet wound.

30.37. On information and belief, after medical assistance was called to stage nearby, several minutes passed before BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS summoned medical assistance allowed paramedics to access Plaintiff and provide him medical treatment, despite Plaintiff's and Blackwell's obvious bullet wounds and urgent medical needs, and despite there being no ongoing emergency besides these injuries. This delay further contributed to the severity of Plaintiff's injuries.

31.38. At some point thereafter, pParamedics ultimately arrived and began preparing to transport Plaintiff to the hospital. When paramedics advised one or more of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS that the handcuffs on Plaintiff were unnecessary and should be removed due to the bullet wound on Plaintiff's wrist, DOE

7

1  OFFICERSthese officers refused to remove them, and only allowed them to be

2  removed after Plaintiff was at the hospital.

3  / / /

4  / / /

5  / / /

6      32.39. On information and belief, in arguing with paramedics about the

7  propriety of removing Plaintiff's handcuffs, these officersDOE OFFICERS

8  needlessly and further delayed critical medical treatment for Plaintiff, further

9  contributing to the severity of Plaintiff's injuries.

10     40.   In the hospital, on the day following the shooting, Defendants

11  CHAPPAROSA and DOE 10 one or more of DOE OFFICERS occupied

12  Plaintiff's hospital room, questioned him about the incident, and would not allow

13  Plaintiff to make any phone calls to advise his loved ones what had occurred, on

14  the basis that had been "detained" since the shooting and was still being

15  "detained" at that time.

16  33.   / / /

17     34.41. At no point prior to, during, or after the shooting did Plaintiff flee

18  from, attempt to flee from, or physically resist officers.

19     35.42. At no point prior to or during the shooting did Plaintiff, Blackwell, or

20  Goedhart verbally threaten to harm anyone or attempt to harm anyone.

21     36.43. At all times in the leadup to and during the shootingthe time

22  BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES

23  8-9 fired their weapons, neither Plaintiff, Blackwell, nor Goedhart posed an

24  immediate threat of death or serious bodily harm to these defendantsDOE

25  OFFICERS or anyone else, and DOE OFFICERSthese defendants had other

26  reasonable options available to them besides opening fire on the vehicle.

27     37.44. On information and belief, at all times in the leadup to and during the

28  shooting, BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS,

1  and DOES 8-9 OFFICERS did not have reasonable suspicion to detain Plaintiff.

2  38.45. At all relevant times, BECERRA, MARSH, NGUYEN,

3  RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS acted

4  within the course and scope of their employment with CITY and the BPD and

5  acted under color of California law.

6  39.46. As a result of the shooting and other undiscovered uses of force,

7  Plaintiff endured severe pain and suffering and lost wages and earning capacity.

8  ///

9  ///

10  ///

11  ///

12  40.47. As a result of the gunshot wounds Plaintiff sustained, Plaintiff

13  continues to suffer from nerve damage in his arm, decreased mobility and motor

14  functioning, and pain. He is no longer physically able to engage in the work he did

15  for a living prior to the shooting and his capacity to perform many day-to-day

16  tasks he routinely performed prior to the shooting has been diminished.

17  41.48. On July 7, 2023, Plaintiff timely served claims for damages with the

18  CITY pursuant to applicable sections of the California Government Code.

19  42.49. On August 24, 2023, Plaintiff's claims were denied by CITY by

20  operation of law. As of the date of the filing of this Complaint, Plaintiff has not

21  received any notice rejecting his claims.

22  **FIRST CLAIM FOR RELIEF**

23  **Fourth Amendment – Detention and Arrest (42 U.S.C. § 1983)**

24  (By Plaintiff against Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ,

25  ROJAS, SALINAS, CHAPPAROSA and DOE OFFICERS)

26  43.50. Plaintiff repeats and re-alleges each and every allegation in the

27  foregoing paragraphs of this Complaint as if fully set forth herein.

28  44.51. At all relevant times, Plaintiff had the right to be free from

9

unreasonable searches and seizures, which was guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

45.52. When BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOE OFFICERS struck the vehicle in which Plaintiff was a passenger, aimed and fired their weapons at Plaintiff, and handcuffed Plaintiff after shooting him, these defendants DOE OFFICERS detained Plaintiff without reasonable suspicion that Plaintiff or anyone else in the vehicle had committed or was about to commit a crime.

///

///

///

///

46.53. In addition to the detention itself being unreasonable, the scope and manner of the detention was unreasonable. It was not necessary to use force against Plaintiff in order to take him into custody, let alone deadly force. Moreover, it was not necessary to place and insist on keeping Plaintiff in handcuffs following the shooting when Plaintiff made no attempt to flee or resist officers, nor was it necessary to continue the detention after Plaintiff had been taken to the hospital.

54.    Further, in purporting to continuinge to "detain" Plaintiff well into the next day following the shooting, including by expressly disallowing him from making any phone calls and limiting his freedom of contact, CHAPPAROSA and DOE 10 DOE OFFICERS in fact arrested Plaintiff.

47.

48.55. CHAPPAROSA and DOE 10's OFFICERS' *de facto* arrest of Plaintiff was done without probable cause that Plaintiff had committed, or was about to commit, any crime.

10

49.56. The conduct of BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to these defendants DOE OFFICERS.  As a direct result of the unreasonable detention and arrest, Plaintiff experienced severe pain and suffering for which he is entitled to recover damages.

50.57. As a result of their misconduct, BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS are liable for Plaintiff's injuries, either because they were integral participants in the wrongful detention, or because they failed to intervene to prevent these violations.

51.58. Plaintiff seeks damages on this claim, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

52.59. Plaintiff also seeks attorney's fees and costs for this claim pursuant to 42 U.S.C. § 1988.

///

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

(By Plaintiff Against Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS)

60.   Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

53.

54.61. The Fourth Amendment of the United States Constitution, as applied to state actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by law enforcement officials.

11

55.62. Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9's OFFICERS' uses of less-lethal and lethal force against Plaintiff were excessive and unreasonable under the circumstances. Neither Plaintiff nor the vehicle in which he was a passenger posed an imminent threat of death or serious bodily injury to any officer or anyone else at the time BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS fired any of their shots.

56.63. BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9's OFFICERS' uses of force were further excessive in that, on information and belief, neither Plaintiff nor the vehicle in which he was a passenger had attempted to physically injured anyone, neither Plaintiff nor any of the vehicle's other occupants had verbally threatened to harm anyone, and neither Plaintiff nor any of the vehicle's other occupants were brandishing a weapon.

57.64. BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9's OFFICERS' uses of force were further excessive in that prior to using less-lethal and lethal force, on information and belief, DOE OFFICERS these defendants did not issue appropriate commands, did not provide adequate time to comply with any commands given, and did not issue any warning that such force would be used.

58.65. On information and belief, the shooting violated BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9's DOE OFFICERS' training and standard police officer training.

///

///

59.66. As a result, Plaintiff suffered severe pain and suffering, permanent injuries, loss of earnings, and lost earning capacity.  BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 DOE OFFICERS are therefore liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

12

60.67. As a result of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9's DOE OFFICERS' conduct, they are liable for Plaintiff's injuries, either because they were integral participants in the use of excessive force, or because they failed to intervene to prevent these violations.

61.68. The conduct of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 DOE OFFICERS was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to these Defendants DOE OFFICERS.

62.69. Plaintiff brings this claim and seeks damages on this claim, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

63.70. Plaintiff also seeks attorney's fees and costs for this claim pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

**Fourth Amendment – Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff against Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 DOE OFFICERS)

64.71. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

65. After being shot multiple times, Plaintiff was bleeding profusely and in obvious and critical need of emergency medical care and treatment. However, on information and belief, despite paramedics having been called to stage nearby, BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 DOE OFFICERS did not allow them to timely approach and summon or provide medical care to Plaintiff.

---

13

66.72.Further, oOnce paramedics arrived at the scene, DOE OFFICERSthese defendants delayed their paramedics' treatment of Plaintiff and departure to the hospital for reasons unrelated to Plaintiff's medical care.

67.73.The denial of medical care by BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9DOE OFFICERS deprived Plaintiff of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

68.74.As a result, Plaintiff suffered severe physical pain suffering and emotional distress, permanent injuries, loss of earnings, and loss of earning capacity. Defendants are therefore liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

69.75.DOE OFFICERSBECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 knew that failure to provide timely medical treatment to Plaintiff could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded Plaintiff's serious medical needs, exacerbating his pain and suffering.

70.76.BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9'sDOE OFFICERS' conduct was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff, and therefore warrants the imposition of exemplary and punitive damages as to DOE OFFICERSthese defendants.

71.77.Plaintiff seeks damages on this claim, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

78.   Plaintiff also seeks attorney's fees under this claim pursuant to 42 U.S.C. § 1988.

72.

14

## **FOURTH CLAIM FOR RELIEF**

### **False Arrest/False Imprisonment**

### **(Cal. Govt. Code § 820 and California Common Law)**

(By Plaintiff against All Defendants)

73.79. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

///

74.80. Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA and DOE OFFICERS, while working as officers for the BPD and acting within the course and scope of their duties, intentionally deprived Plaintiff of his freedom of movement by use of force, threats of force, violence, menace, fraud, deceit, and unreasonable duress. These Defendants DOE OFFICERS detained Plaintiff without reasonable suspicion and arrested Plaintiff without probable cause.

75.81. Plaintiff did not knowingly or voluntarily consent.

76.82. Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA and DOE OFFICERS detained Plaintiff for an appreciable amount of time by handcuffing Plaintiff and making Plaintiff feel he was not free to leave.

77.83. Defendants CHAPPAROSA and DOE 10OFFICERS further arrested Plaintiff by handcuffing Plaintiff, detaining him for more than a dayuntil at least the morning following the shooting, and preventing him from contacting anyone who was not in his hospital room.

78.84. The conduct of BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA and DOE OFFICERS was a substantial factor in causing the harm to Plaintiff.

79.85. CITY is vicariously liable for the wrongful acts of Defendants

15

1  BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS,
2  CHAPPAROSA and DOE OFFICERS pursuant to Section 815.2(a) of the
3  California Government Code, which provides that a public entity is liable for the
4  injuries caused by its employees within the scope of the employment if the
5  employee's act would subject him or her to liability, under California law, and
6  under the doctrine of *respondeat superior*.

7      80.86. The conduct of BECERRA, MARSH, NGUYEN, RODRIGUEZ,
8  ROJAS, SALINAS, CHAPPAROSA and DOE OFFICERS was malicious,
9  wanton, oppressive, and accomplished with a conscious disregard for Plaintiff's
10 rights, entitling Plaintiff to an award of exemplary and punitive damages.

11     81.87. As a result of their misconduct, Defendants BECERRA, MARSH,
12 NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA and DOE
13 OFFICERS are liable for Plaintiff's injuries, either because they were integral
14 participants in the wrongful detention and arrest, and/or because they failed to
15 intervene to prevent these violations.

16     82.88. Plaintiff seeks damages on this claim, including for Plaintiff's
17 injuries, pain and suffering, emotional distress from his physical injuries,
18 humiliation, disfigurement, financial loss, and reduced earning capacity.

19                    **FIFTH CLAIM FOR RELIEF**
20      **Battery (Cal. Govt. Code § 820 and California Common Law)**
21 (By Plaintiff against All Defendants Defendants BECERRA, MARSH, NGUYEN,
22         RODRIGUEZ, ROJAS, SALINAS, DOES 8-9, and CITY)

23     83.89. Plaintiff repeats and re-alleges each and every allegation of the
24 foregoing paragraphs as if fully set forth herein.

25     84.90. Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ,
26 ROJAS, SALINAS, and DOES 8-9 OFFICERS, while working as officers for
27 the BPD and acting within the course and scope of their duties, intentionally shot
28 Plaintiff multiple times. As a result of the actions of these Defendants DOE

                              16

OFFICERS, Plaintiff was seriously injured.  These Defendants DOE OFFICERS had no legal justification for using force, including deadly force, against Plaintiff, and DOE OFFICERS'their uses of force were unreasonable under the circumstances.

85.91. At all relevant times, Plaintiff did not pose an immediate threat of death or serious bodily injury to anyone, including Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS. No warning was given that deadly force was going to be used prior to the use of deadly force, and less intrusive alternatives were available to these Defendants DOE OFFICERS.

86.92. Defendant CITY is vicariously liable for the wrongful acts of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for injuries caused by its employees within the scope of the employment is the employees' acts would subject them to liability.

87.93. The conduct of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages.

///

88.94. Plaintiff seeks damages on this claim, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

## SIXTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code § 820 and California Common Law)

(By Plaintiff against Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, DOES 8-9, and CITYAll Defendants)

89.95. Plaintiff repeats and re-alleges each and every allegation of the foregoing paragraphs as if fully set forth herein.

90.96. Peace officers, including Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS, have a duty to use reasonable care to prevent harm and injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving appropriate warnings, use of de-escalation techniques, not using any force unless necessary, using the least amount of force necessary, only using deadly force as a last resort, and providing timely medical care for individuals they intentionally harm.  These duties also include following their training and policies, ensuring they are properly trained and equipped to perform their duties in accordance with department policies, and properly investigating and reporting on their use of force incidents.

91.97. Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS breached their duty of care toward Plaintiff.  The actions and inactions of these Defendants DOE OFFICERS were negligent and reckless, including but not limited to:

(a)     The failure to properly and adequately assess the need to use force against Plaintiff;

(b)     The negligent tactics and handling of the situation with Plaintiff, including pre-shooting negligence and failure to utilize de-escalation techniques;

(c)     The failure to intervene to stop or prevent other officers' use of excessive and unreasonable force.

///

92.98. As a direct and proximate result of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9's OFFICERS' conduct as alleged above, and other undiscovered negligent conduct,

18

Plaintiff was caused to suffer severe past and future mental and physical pain and suffering.

93.99. At all relevant times, Plaintiff was not an immediate threat of death or serious bodily injury to anyone, no warning was given that deadly force was going to be used prior to the use of deadly force, and less intrusive alternatives were available to Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS.

94.100. Defendant CITY is vicariously liable for the wrongful acts of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employees' act would subject him or her to liability.

95.101. Plaintiff seeks damages on this claim, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

**SEVENTH CLAIM FOR RELIEF**

**Violation of Cal. Civ. Code § 52.1 and California Common Law)**

(By Plaintiff against All Defendants)

96.102. Plaintiff repeats and re-alleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

97.103. The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action for such claims.

///

///

///

19

1   ///

2   98.104.       The Bane Act prohibits law enforcement officers from

3   interfering by threat, intimidation, or coercion, or attempts to interfere by threats,

4   intimidation, or coercion, the exercise or enjoyment by any individual or

5   individuals of rights secured by the Constitution or laws of the United States, or of

6   the rights secured by the Constitution or the laws of the State of California.

7   99.105.       On information and belief, Defendants BECERRA, MARSH,

8   NGUYEN, RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS,

9   while working for the CITY and acting within the course and scope of their duties,

10  intentionally committed and attempted to commit acts of violence against

11  Plaintiff, including by using excessive force against him without justification or

12  excuse, by integrally participating and failing to intervene in the above violence,

13  and by denying him necessary medical care.

14  100.106.       When Defendants BECERRA, MARSH, NGUYEN,

15  RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS unnecessarily

16  shot Plaintiff with less-lethal and lethal rounds, they interfered with his right to be

17  free from excessive force.

18  101.107.       Further, when Defendants BECERRA, MARSH, NGUYEN,

19  RODRIGUEZ, ROJAS, SALINAS, and DOES 8-9 OFFICERS handcuffed and

20  questioned Plaintiff they detained him without reasonable suspicion that he had

21  committed a crime, and when Defendants CHAPPAROSA and DOE 10

22  OFFICERS continued to detain him for over a dayuntil at least the morning

23  following the shooting they arrested him without probable cause to believe that he

24  had committed a crime, thus interfering with Plaintiff's rights to be free from

25  wrongful detention and arrest.

26  102.108.       Defendants BECERRA, MARSH, NGUYEN,

27  RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS

28  intentionally interfered with Plaintiff's rights to be free from excessive force, to

20

medical care, and to be free from wrongful detention and arrest, by demonstrating a reckless disregard for these rights that Plaintiff possessed.

103.   Plaintiff was caused to suffer severe pain and suffering.  The conduct of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS was a substantial factor in causing the harm, losses, injuries, and damages to Plaintiff.

109.   ///

104.110.   CITY is vicariously liable for the wrongful acts of Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

105.111.   The conduct of the individual Defendants BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff in that Plaintiff's constitutional rights were intentionally deprived and violated, as demonstrated by BECERRA, MARSH, NGUYEN, RODRIGUEZ, ROJAS, SALINAS, CHAPPAROSA, and DOE OFFICERS' reckless disregard for the constitutional rights of Plaintiff. As such, the aforementioned conduct entitles Plaintiff to an award of exemplary and punitive damages.

106.112.   Plaintiff seeks damages on this claim, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity.

107.113.   Plaintiff also seeks costs and attorneys' fees under this claim.

/ / /

21

FIRST AMENDED COMPLAINT FOR DAMAGES

1 | / / /

2

3 | / / /

4

5 | / / /

6

7 | / / /

8

9 | / / /

10

11 | / / /

12

13 | / / /

14

15 | / / /

16

17 | / / /

18

19 | / / /

20 | ~~/ / /~~

21 | / / /

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff JAMES PIETRONICO requests entry of judgment in his favor against Defendants CITY OF BEAUMONT, ANTHONY BECERRA, RANDALL MARSH, KEVIN NGUYEN, JESSICA RODRIGUEZ, ANTHONY ROJAS, FABIAN SALINAS, ANGELA CHAPPAROSA, and DOES 18-10, inclusive, as follows:

A.    For compensatory damages in whatever other amount may be proven at trial, including for Plaintiff's injuries, pain and suffering, emotional distress from his physical injuries, humiliation, disfigurement, financial loss, and reduced earning capacity;

C.    For punitive damages against the individual defendants in an amount to be proven at trial;

D.    For statutory damages;

E.    For interest;

F.    For reasonable attorneys' fees, including litigation expenses;

G.    For costs of suit; and

H.    For such further other relief as the Court may deem just, proper, and appropriate.

DATED:  March 6, 2024February 23, 2024          LAW OFFICES OF DALE K. GALIPO

By:    _____
         */s/ Dale K. Galipo*
        Dale K. Galipo
        Benjamin S. Levine
        Attorneys for Plaintiff

23

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiff hereby submits this demand that this action be tried in front of a

3   jury.

4

5   DATED:  March 6,                    LAW OFFICES OF DALE K. GALIPO
    2024February 23, 2024
6

7                                       By:  _____
                                                   */s/ Dale K. Galipo*
8                                            Dale K. Galipo
9                                            Benjamin S. Levine
                                             Attorneys for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24