**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Benjamin S. Levine (SBN 342060)
blevine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California, 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118
*Attorneys for Plaintiff James Pietronico*

Eugene P. Ramirez (State Bar No. 134865)
 epr@manningllp.com
Kayleigh Andersen (State Bar No. 306442)
 kaa@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor,
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999
*Attorneys for Defendant City of Beaumont*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PIETRONICO.<br><br>   Plaintiff,<br><br>   v.<br><br>CITY OF BEAUMONT; ANTHONY BECERRA; RANDALL MARSH; KEVIN NGUYEN; JESSICA RODRIGUEZ; ANTHONY ROJAS; FABIAN SALINAS; ANGELA CHAPPAROSA; and DOES 8-10, inclusive,<br><br>   Defendants. | Case No. 5:23-cv-02431-KS<br><br>*Hon. Mag. Judge Karen Stevenson*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date:   May 7, 2024<br>Time:  1:00 p.m.<br>Crtrm: 580<br><br>**Original Complaint**: Nov. 29, 2023<br>**Responsive Pleading**: Dec. 18, 2023<br>**Trial (Proposed)**: June 23, 2025 |

**TO THE HONORABLE COURT:**

Pursuant to Federal Rules of Civil Procedure Rule 26(f), Local Rule 16-1, and the Court's March 4, 2024, Order setting the Scheduling Conference (Dkt. 27), the parties to this action, through their counsel, respectfully submit the following Joint Report.

This case was initially assigned to the Honorable Stanley Blumenfeld, Jr. (Dkt. 5.) After Judge Blumenfeld issued a case management order (Dkt. 18), the case was reassigned to Mag. Judge Stevenson pursuant to a stipulation by the parties (Dkt. 25). Per the Court's Order, counsel for Plaintiff James Pietronico ("Plaintiff") and counsel for Defendants held an additional meeting on March 29, 2024, to discuss additional developments in the case, an updated discovery plan in light of an upcoming scheduled mediation, and new requested dates and deadlines. This second early meeting of counsel was attended by Benjamin Levine of the Law Offices of Dale K. Galipo, counsel for Plaintiff, and Kayleigh Andersen of Manning & Kass, counsel for Defendants.

**(1)  Subject Matter Jurisdiction**

Plaintiff has filed federal claims pursuant to 42 U.S.C. § 1983. Accordingly, the parties do not dispute that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and over Plaintiff's claims under state law pursuant to 28 U.S.C. § 1367, as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

**(2)  Statement of the Case**

<u>Plaintiff's Summary</u>: Plaintiff alleges that, on January 14, 2023, Plaintiff was seated in the front passenger seat of a vehicle that officers of the Beaumont Police Department ("BPD") were attempting to pull over. After the vehicle pulled into a cul-de-sac, the vehicle and a BPD vehicle collided. Plaintiff further alleges that BPD officers, including Defendants Becerra, Marsh, Nguyen, Rodriguez, Rojas, and Salinas, then exited one or more BPD vehicles, drew their firearms, and began firing

into the vehicle in which Plaintiff was a passenger. Plaintiff and the driver were unarmed and the vehicle was not moving rapidly toward any officer, such the officers faced no imminent threat of death or serious bodily injury at the time they fired their shots. As a result of the officers' shots, the driver of the vehicle was killed, and Plaintiff was struck multiple times, causing him serious injury. Following the shooting, the officers denied Plaintiff medical aid by failing to timely summon medical attention or provide medical aid, and by interfering with medical professionals' immediate care of Plaintiff once they arrived.

As a result of these allegations, Plaintiff brings causes of action under 42 U.S.C. § 1983 against the officers for unlawful detention and arrest, excessive force, and denial of medical care. Plaintiff also brings causes of action under state law against all Defendants for false arrest/false imprisonment, battery, negligence, and violation of the Bane Act, Cal. Civ. Code § 52.1.

All named Defendants have been served and have answered the operative complaint.

Defendants' Summary: On January 14, 2023, Beaumont Police Department ("BPD") officers attempted a traffic stop on a white truck (2018 Ford CA-27268N3), and the vehicle failed to yield. A pursuit ensued. When BPD officers attempted a felony traffic stop on the vehicle, the suspect used his truck to ram into officers' patrol vehicles and a lethal force encounter occurred.

The driver of the vehicle, Garrett Blackwell, and the front passenger, James Albert Pietronico, sustained multiple gunshot wounds and were transported to Riverside University Health System Medical Center in Moreno Valley. The back passenger, Braiden Noah Goedhart, was transported to BPD and later San Gorgonio Memorial Hospital for knee pain.

**(3)** **Damages/Insurance**

    a. *Damages*

Plaintiff claims general and special compensatory damages, according to

proof at trial under federal and state law for his individual damages for his injuries, pain and suffering, and economic damages. Plaintiff also seeks punitive and exemplary damages against the individual officers. Plaintiff also seeks attorney's fees pursuant to 42 U.S.C. § 1988 and under state law, costs and interests incurred.

At this early stage in litigation and absent any discovery responses from Plaintiffs, Defendants have no information about the plaintiff's claimed damages and assert that punitive damages are unwarranted.

Defendants deny all liability and wrongdoing for any and all of Plaintiff's claims.

      b.    *Insurance*

The City of Beaumont is permissibly self-insured pursuant to Government Code § 990.

**(4)**     **Parties, Evidence, etc.**

*Parties*: The parties are Plaintiff James Pietronico and Defendants City of Beaumont, Anthony Becerra, Randall Marsh, Kevin Nguyen, Jessica Rodriguez, Anthony Rojas, Fabian Salinas, Angela Chapparosa, and Does 8-10.

*Witnesses*: The percipient witnesses include City of Beaumont Police Department officers and personnel present at the scene of the arrest and Plaintiff's detention, emergency medical personnel, and Braden Goedhart. Additional non-percipient witnesses may include expert witnesses and witnesses on Plaintiff's damages. Given that discovery has not yet been completed, the parties have not yet identified all other witnesses.

*Key Documents Plaintiff May Use*: The key documents include City of Beaumont Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include depositions of the parties and witnesses, and responses to written discovery.

*Key Documents Defendants May Use*: The key documents include City of

Beaumont Police Department records regarding the incident, including but not limited to, statements, reports, audio and/or video of the incident, and photographic evidence. Additional documents may include medical and mental health records of the Plaintiff, depositions of the parties and witnesses, and responses to written discovery.

**(5)** **Discovery**

a. *Status of Discovery*

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1)(c), the parties exchanged initial disclosures on January 18, 2024. Pursuant to an order by the Court during the initial scheduling conference, the City of Beaumont has also provided supplemental disclosures. The parties have not completed further discovery as of the time of the drafting of this report. The parties have agreed to delay depositions in this case until after an upcoming mediation with the Court's assigned ADR panel mediator, Richard Copeland, which has been scheduled for June 17, 2024.

b. *Discovery Plan*

The parties have discussed the anticipated discovery and propose an amended discovery schedule set forth in "Exhibit A" attached hereto. This schedule was compiled based upon the trial calendars of counsel and their evaluation of the parties' discovery needs. It also takes into account the parties' upcoming scheduled mediation, during which the parties hope to fully resolve this case and avoid the need for additional discovery and expenses associated with fact discovery and retention of expert witnesses.

Should the case not settle at the June 17 mediation, Plaintiff anticipates serving written discovery regarding City records regarding the incident and taking the depositions of the individual Defendants and any additional City of Beaumont and BPD personnel who were involved in the detention of, use of force against, and arrest of Plaintiff. Plaintiff may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Plaintiff. Plaintiff

also plans to retain experts who will opine on, and potentially testify to, issues of liability, causation, and damages. Plaintiff anticipates serving written interrogatories, requests for admission, and requests for production of documents.

      Defendants intend to propound written discovery regarding Plaintiff's medical and mental health history, Plaintiff's criminal history, Plaintiff's requested damages and their calculation of damages, and discovery related to witnesses that may have knowledge regarding the incident at issue in the operative Complaint. Defendants anticipate taking the depositions of the Plaintiff, percipient witnesses, and expert witnesses to the extent appropriate. There may be additional issues that arise in the course of this litigation that Defendants may also explore through discovery.

      The parties will also take the depositions of any experts or witnesses identified by the other.

      The parties do not see any issues regarding electronically stored information pursuant to Rule 26(f)(3)(C) in this case.

      The parties do not anticipate any changes to the limitations on discovery imposed by the Federal Rules at this time, except that Plaintiff may seek a stipulation or leave to depose more witnesses than the 10 allowed under the Federal Rules, if Plaintiff learns through discovery that there were more City of Beaumont and/or BPD personnel who were present during relevant events and may be material witnesses than Plaintiff would otherwise be able to depose.

      The parties propose a non-expert discovery cut-off of December 20, 2024, which is also as set forth in Exhibit A hereto.

      The parties have discussed expert discovery and propose exchange dates of: Initial Expert Disclosure on January 17, 2025; Rebuttal Expert Disclosure on January 31, 2025; and Expert Discovery Cut-off of February 14, 2025. The dates for Initial and Rebuttal Expert Disclosure are also set forth in Exhibit A attached hereto.

      The parties will simultaneously exchange their expert reports.

**(6) Legal Issues**

1. Whether the Defendant Officers stopped and detained Plaintiff without reasonable suspicion;
2. Whether the scope and manner of Defendant Officers' detention of Plaintiff was reasonable;
3. Whether the Defendant Officers arrested Plaintiff without probable cause;
4. Whether the Defendant Officers used excessive force against Plaintiff;
5. Whether the Defendant Officers denied timely medical care to Plaintiff;
6. Whether the Defendant Officers were negligent toward Plaintiff;
7. The nature and scope of Plaintiff's damages; and
8. Whether Plaintiff is entitled to punitive damages.

**(7) Motions**

a. *Procedural Motions*

There are no pending motions. Pursuant to a stipulation by the parties, on March 11, 2024, Plaintiff filed a First Amended Complaint to name individual officers as defendants in this action, including those who are alleged to have used lethal force against Plaintiff. Should Plaintiff identify any additional officers or City of Beaumont/BPD officials who Plaintiff believes have liability in this case, Plaintiff may seek to further amend the complaint either through stipulation or by motion if a stipulation cannot be reached. Aside from this, the parties do not anticipate bringing any motions to amend the pleadings, add parties or claims or transfer venue. The parties expect to file discovery motions as needed or to seek assistance from the Magistrate Judge via informal discovery conference.

During the course of litigation of this action, Defendants may file: a motion

for judgment on the pleadings and/or a motion to dismiss and motion for bifurcation of trial on punitive damages and/or *Monell*.

        b.    *Dispositive Motions*

The parties have discussed potential motions and propose a deadline of April 2, 2025, to hear dispositive motions. This proposed date is also set forth in Exhibit A attached hereto.

After a period of discovery, Plaintiff may bring a motion for summary judgment or adjudication on one or more claims as appropriate. If such a motion is brought, Plaintiff will adhere to the Court's requirements for motions for summary judgment.

Defendants anticipate filing a Motion for Summary Judgment with respect to all or some of Plaintiff's claims at the close of discovery, including but not limited to the grounds the individual officers are entitled to qualified immunity.

The parties further anticipate bringing motions *in limine* based on the claims and damages remaining at trial.

        c.    *Class Certification Motion*

Not applicable.

**(8)** **Alternative Dispute Resolution (ADR)**

        a.    *Prior Discussions*

The parties have discussed the possibility of settlement and have agreed to an early mediation in this case, which has been set with the Court's assigned ADR panel mediator, Richard Copeland, for June 17, 2024. The parties are hopeful that this case will settle through the scheduled mediation.

        b.    *ADR Selection*

The parties previously selected ADR Procedure No. 2 (appearance before neutral selected from Court's Mediation Panel). (Dkt. 14, 22). The assigned panel mediator is Richard Copeland. (Dkt. 23.)

**(9) Trial**

    a. *Proposed Trial Date*

The parties propose a new trial start date of June 23, 2025. This date reflects the parties' upcoming mediation; the anticipated scope of fact discovery; the need for expert discovery; the potential for the filing, hearing, and resolution of dispositive motions filed by one or both parties; and lead trial counsel's current trial calendars for late 2024 and early 2025.

    b. *Time Estimate*

The parties estimate the trial will take approximately five to seven court days. This estimate reflects the anticipated need for testimony from the parties, percipient witnesses, and one or more experts for each side.

    c. *Jury or Court Trial*

The parties request a trial by jury.

    d. *Magistrate Judge*

The parties will try the case before Magistrate Judge Stevenson.

    e. *Trial Counsel*

Dale K. Galipo will be lead trial counsel for Plaintiff. Eugene P. Ramirez will be lead trial counsel for Defendant.

**(10) Special Requests/Other Issues**

    a. *Independent Expert or Master*

The parties agree that this case does not require an independent expert or master.

    b. *Manual for Complex Litigation*

The parties agree that this is not a complex case and is therefore not subject to the Manual for Complex Litigation.

    c. *Other Issues*

None.

Respectfully submitted,

Dated: April 10, 2024            LAW OFFICES OF DALE K. GALIPO

            By   */s/ Benjamin S. Levine*
              DALE K. GALIPO
              BENJAMIN S. LEVINE[1]
              Attorneys for Plaintiff James Pietronico

Dated: April 10, 2024            MANNING & KASS
              ELLROD, RAMIREZ, TRESTER LLP

            By   */s/ Kayleigh Andersen*
              EUGENE P. RAMIREZ
              KAYLEIGH ANDERSEN
              Attorneys for Defendant City of Beaumont

---

[1] The filer, Benjamin S. Levine, hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur with the filing's content and have authorized the filing.

# EXHIBIT A
## MAG. JUDGE KAREN STEVENSON
### EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 5:23-cv-02431-KS |
|---|---|
| Case Name: | *Pietronico v. City of Beaumont* |

| Matter | Plaintiff(s)' Request | Defendant(s)' Request | Court's Order |
|---|---|---|---|
| __X__ Jury Trial *or* ___ Court Trial  Length: 5-7 days | June 23, 2025 | June 23, 2025 | |
| Final Pretrial Conference [L.R. 16] Hearing on Motions *In Limine* | June 11, 2025 | June 11, 2025 | |
| Trial Filings (2nd Set) | May 30, 2025 | May 30, 2025 | |
| Trial Filings (1st Set) | May 16, 2025 | May 16, 2025 | |
| Dispositive Motion Hearing Cutoff | April 2, 2025 | April 2, 2025 | |
| Expert Discovery Cutoff | February 14, 2025 | February 14, 2025 | |
| Rebuttal expert disclosure | January 31, 2025 | January 31, 2025 | |
| Initial expert disclosure | January 17, 2025 | January 17, 2025 | |
| Fact discovery cutoff | December 20, 2024 | December 20, 2024 | |

ADR [L.R. 16-15] Settlement Choice:

  __X__  Attorney Settlement Officer Panel

  ____  Private Mediation

  ____  Magistrate Judge